Aaron Berg, et al., the Allied World National Assurance Company, case number 242511. Hold on one second. And thank you for your patience. Thank you. Good afternoon. Good afternoon. May it please the court, Richard Simpson on behalf of Allied World. I want to go directly to the assigned claims, the claims by the directors and officers for coverage under this policy. Because the fact that those claims are subject to arbitration is clear cut. If you look at this policy, it would be in contrast to the case that has just been argued. It's a plain, vanilla, straightforward, classic arbitration provision. It's a very broad provision. It says if there's a dispute between the policyholder and the insurer regarding any aspect of this policy, it will be referred to arbitration. It will be decided by arbitration. So there's no question that the policy contains the arbitration provision. The parties agree about that. The issue is what is the scope of that arbitration provision? And in particular, does it apply to the particular claims that are issued here? We explain in our brief why here the policyholder, the trustee stepping into the shoes of the policyholder, is asserting damages on his own behalf. But you don't need to get there. Because the policyholder is also asserting assigned claims from the directors and officers. But the provision applies to disputes between the parties to a contract. So you're relying, as I understand it, on a few places in the claims for relief, in the complaint, that refer to the trustee as acting in his own capacity, in addition to as an assignee for the directors and officers. Is that right? As an alternative ground, yes. We contend the policyholder, the trustee as the policyholder, is seeking damages himself. But the court need not decide that. Because if you look just at the policyholder asserting the claims on behalf of the directors and officers, that's subject to arbitration. And so we can focus right in on the assigned claims. And the question is, are those assigned claims subject to arbitration? We believe they are for several reasons. There's no question that what the... So there is no... I'm sorry, you can get to your... But there... So given what you just said, there is no way in which the trustee can act other than as... on behalf of the... or as the policyholder. There is no way in this bankruptcy universe, just... that the trustee can act other than as a policyholder. So in every way, the trustee, Mr. Ember, is acting as the policyholder in every context. Is that your position? No. It's in the specific context of this specific case. All right. So tell me then, what ways are there in which the trustee might act that is not on behalf of or as the policyholder? Well, in his capacity as trustee, Mr. Ember would have all kinds of duties that are separate from this case. In this case, this adversary proceeding, he's asserting claims for coverage. And so the issue is, do those claims... are those claims... Okay. So maybe follow up. So in this case, generally speaking, involving allied world, is there a capacity in which Mr. Ember might act that is not as the policyholder? In his own personal capacity or not personal capacity, but in his capacity as a trustee but not as a policyholder? In his capacity as representing some other interest but not as a policyholder? Do you understand that question? I'm not sure I understand, but I think the way I can answer it is that not to the extent he's seeking coverage under this insurance policy... I was going to say, I'm not sure if it's the same question, but insofar as the trustee is suing on this policy... Yes. ...and about the terms of this policy, there's nothing in that that is unique to the role of trustee. He is... he has only the right to act on this contract insofar as if CHT were not in bankruptcy, it would be able to act under this contract. Exactly, Judge Lipsch. This is an action on an insurance policy alleging breach of contract and bad faith. He's asserting that, we think on his own behalf, but clearly also asserting it as assignee of insurers under this policy. But the policy describes coverage for a dispute between the insurer and the policyholder. Yes, between the policyholder and the insurer. Right, so if he is acting on behalf of... as a policyholder but on behalf of some other insured, how is that a dispute between the policyholder and the allied world? Well, I think there the simplest answer is to go to the fact that under applicable New York law, which controls here in terms of what's within the scope of this arbitration provision, a claim by a non-party to a contract that directly seeks benefits under the contract is bound by an arbitration provision. And here... So the policy could have said, disputes between the insurer, allied world, the policyholder and any other insured. Yes, it could have said. It doesn't say that. It just says dispute between the insurer and policyholder. Yes, the heading of the provision is disputes between insurer and insureds. And then it refers to the policyholder and the insurer. And as I indicated, the contract here... It's important to look at what the contract is. There are two contracting parties. There is CHT, Constellation, as the policyholder and Allied World as the insurer. Those are the only contracting policies... parties rather. The individual insureds are direct beneficiaries under that contract. And the whole point of the policy is to do two things. To provide coverage for the policyholder itself, the contracting party, but also to provide coverage for those individual insureds. Right. And doesn't it also have section 5.20 on page A158 which says the policyholder shall act on behalf of all insureds in connection with all matters relevant to this policy? Yes. Yes, Judge Lynch. Doesn't that suggest that the policyholder and the trustee in the shoes of the policyholder has the authority to act on behalf of the insureds? Here we also have an assignment, but the assignment is essentially relying to some degree on this kind of provision that the policyholder is the one who is going to do the litigating or arbitrating as the case may be under this policy on behalf of the insureds. Yes, Judge Lynch. And in fact, if you look at the structure of it, as I said, it says any aspect of this policy is subject to arbitration. Well, a claim by an individual insured for coverage under the contract certainly involves any aspect of this policy. If you... and without anything more. And in fact, in the case we cited that Judge Sand wrote, he rightly held that there, as directors and officers of liability policy, the policyholder could sue to get coverage for the individual insureds even without a provision like this notice of authority provision. But as Your Honor pointed out, this policy, the same page of the policy as the dispute resolution provision that goes to disputes between the insurer and the insureds, says the policyholder shall act on behalf of all insureds in connection with all matters relevant to this policy. Now, the other side in their brief suggests that this is a notice provision. It's not just a notice provision. It's entitled notice and authority. Notice and authority. And it says shall act in connection with all matters relevant to this policy. Well, that would include seeking coverage under this policy on behalf of the individual insureds. You would think. Well, you would think. But even if it didn't say that, then if you go, as I mentioned, to the New York law and the Belson case is one that we cite that's from the New York Court of Appeals, it says that when a non-party to a contract is seeking benefits under a contract that they're bound by an arbitration provision. Well, what could be more directly seeking benefits under a contract than insureds under a policy that's written to provide coverage for those non-parties? And so if this policy didn't have the notice and authority provision, they would still be bound. The individuals themselves would be bound if they never made an assignment because they're seeking coverage. The other thing that informs this, of course, is the Federal Arbitration Act, which creates a federal policy in favor of arbitration. I think we heard a lot about that. We heard a lot about that this morning. Well, here there's unquestionably an agreement to arbitrate. And no question it's not unconscionable. It's a perfectly valid provision. And what this Court's cases say is in deciding whether there's an agreement to arbitrate, you look at the contract, you decide that. But if you reach the point where there is a valid agreement to arbitrate and the question is whether it's ambiguous as to its scope, you resolve any ambiguity in favor of arbitration. So you reserve some time for rebuttal. Excuse me? You reserve some time for rebuttal. Is there something? Unless you have additional questions, I will reserve the time for rebuttal. From Mr. Curtis. Thank you. Good afternoon. Casey Curtis on behalf of the trustee, Mr. Ehrenberg. So I guess I want to start by addressing a question I think you just got at, which is in what capacity is Mr. Ehrenberg acting in this case? He is not acting as trustee of the bankruptcy estates. He's acting as trustee of the liquidating trusts. So the way that this works in the bankruptcy process, right, is the trustee can be appointed to administer the bankruptcy and then the conclusion of the bankruptcy process, when the plan is confirmed, a new trust, the liquidating trust, is created. Mr. Ehrenberg serves in the capacity of the liquidating trust as the trustee, which is what he's doing right now. And there are an assignment of certain assets to the liquidating trust. And the liquidating trust, or the job of the trustee in this capacity is to liquidate the assets and basically raise money for benefit of the creditors. So to the extent that they're arguing, and this seems to be the principal argument that they focused on a minute ago, that Mr. Ehrenberg is somehow the same thing as Constellation or the same thing as Orion and therefore is the policyholder, I think that it's important to recognize that is inaccurate. He could be acting as the policyholder. He could be acting... Had there been during the bankruptcy itself before liquidation, had there been a trustee? I believe that Mr. Ehrenberg was previously serving in that same role. So it's just a different role? Well, it is importantly a different role, right? Because at the conclusion of the bankruptcy, when the plan for reorganization and liquidation as what's happened here is done, all of the assets of the estate are transferred to the liquidating trust. The trust is created, but the trust is not Constellation. It is created by virtue... In one way or the other, isn't the right that he's asserting a right that is inherited from the policyholder? The right to coverage belongs to the insured themselves. So the DNOs in this circumstance. It is not a right that belongs to the entity or the bankrupt entity, the policyholder. If no one was bankrupt in this situation, are you contending that CHT could not have brought an action against the insurer to require the insurer to cover the insureds on whose behalf the policy was bought and who were given the protection by this policy? So I don't know the answer to that question, but I think importantly, the answer is it doesn't matter here because the insureds had a separate independent right. So the DNOs had their own right to pursue coverage and to file suit against Allied World seeking coverage separate and apart from consolation. It could have been that consolation could have done that as well, but the DNOs... As part of a settlement, they assigned it to the Liberty Trustee. Correct. As part of the settlement, the DNOs who, I think on the face of the policy have claims that are not arbitrable, right, because as the panel pointed out, the way the arbitration provision in the policy is written is it says it defines it specifically as disputes between the insured, sorry, the insurer and the policyholder. Policyholder is consolation. It doesn't say disputes between insureds and insured persons. It doesn't say disputes between the insurer and the insureds. I see your question, Barry. This isn't quite the same thing as I got run over by a truck driven in the course of his employment by somebody working for this insurer and I gave my rights to the liquidating trustee and say, hey, why don't you pursue this on my behalf? This is intimately bound up with the underlying contract. That's what this is all about is the insurance coverage that has been assigned. There's no value to the insurance coverage other than in the capacity as it would be payable on behalf of the directors and officers. Right. Consolation, even if it had a right to pursue coverage on behalf of the directors and officers, there's no value to that. There's enormous value to them. That's why they bought the policy. That's why they paid for the policy is because it's a D&O policy and they would have a hard time getting people to serve as directors and officers if they didn't buy this kind of insurance. That's the way the business works. Fair enough at the time the policy was purchased, but I'm talking about now it would be payable on behalf of the directors and officers. And the directors and officers, it is in whose capacity Mr. Ehrenberg is suing, seeking coverage. Those are assigned claims. And I think respectfully that the bankruptcy court and the district court both correctly looked at this and said because these claims are being pursued on behalf of the directors and officers and they have been assigned to Mr. Ehrenberg, those claims were not arbitrable and they don't become arbitrable just because Mr. Ehrenberg takes them over. And what about the argument that they were arbitrable under New York law because the insurers are in effect covered by as parties in privity with the policyholder are also covered by it? Well, I think I don't understand parties in privity. I think what they've cited is a third-party beneficiary. And basically what they've said I think the argument is circular. I'd like just to be frank because that would work, potentially work if what the policy provision in this circumstance said was all disputes between the insurer and insureds, right? All insureds or insured persons are arbitrable. In that circumstance, they would have a legitimate argument I think that the directors and officers would have an obligation to arbitrate their claims. They would invoke the third-party beneficiary doctrine. They'd say the directors and officers are not direct signatories to the insurance contract itself because they're third-party beneficiaries of the insurance contract. And because they're third-party beneficiaries, the insurance contract makes those types of claims being brought on behalf of the directors and officers arbitrable effectively become there. That's not our case because in our case, remember we have an arbitration provision that doesn't say that the directors and officers claims are arbitrable. It says that constellation or the policyholders claims and the insurer sorry, a dispute between the insurer and the policyholder I keep saying things wrong. I apologize. It's been a long day. And the insurer is arbitrable. So I don't think you can bootstrap into a provision that was not drafted in the first sense to include the directors and officers individually. If the policyholder has the right to act on behalf of the insurance, then if the policyholder chooses to act on behalf of the insurance, isn't the resulting dispute in quite literal terms a dispute between the insurer and the policyholder? There are authorities to that dispute. That gets back to the first point I made which is that Mr. Ehrenberg is not in this instance acting on behalf of the insurer. He's acting on behalf of the liquidating trust. In bankruptcy, the liquidating trust is distinct from the estates themselves. The liquidating trust is created by virtue of bankruptcy and yes... So that would be your response to what does it mean when the complaint refers to in his own capacity? What does that mean? So I think honestly that's an errant reference and you know if you read the rest of the complaint I think it's very... You say an errant reference in the complaint? I think that that complaint it's only... So let me take a step back. That reference is only in one... I think it's paragraph 76 or seven... Three different paragraphs. But when talking about the damages, when talking about who the duties are owed to, when talking about who is entitled to coverage, it all... And talking about who's filing this lawsuit, on whose behalf the lawsuit's been filed. All of those references only talk about the directors and officers. They don't talk about Mr. Ehrenberg being injured in his own capacity. And look... Who is the policy holder? The policy holder is Constellation. And so Constellation, the bankrupt... One of the bankrupt entities, correct. The relevant one for our purposes. And... And... Okay. So if... If Constellation wanted to do anything under the insurance policy with Allied World, what could it do? Well, in this circumstance I don't think it has... There's anything for it to do or that it would want to do. Correct. Because the benefits of the policy in order to the directors and officers... That's meaningless in the sense that there is no Constellation.  I mean, that gets back to the fact that Mr. Ehrenberg in this case is not serving his capacity as Constellation. He's serving his capacity as a trustee of a liquidating trust created by the bankruptcy plan that took an assignment of certain assets. And among the assignment of the assets that it take was as a result of the settlement was the directors and officers' rights to the insurance policy. Is there a provision in the contract I've not looked into this that says if the policy holder...  If the policy holder dies then... And that's the end of the policy or that the policy expires? No. There's no such provision. And I think that that also gets to... There is a reason... There's a reasonable... There's a reason or a logical reason why the underlying insurer who wrote the actual arbitration provision would potentially want one set of claims to be arbitrable and one set of claims not to be arbitrable. The Constellation is the policy holder. It is entitled to certain types of coverage under the policy. The directors and officers are not signatories and they would potentially be entitled to other types of coverage. We are talking about a circumstance where, again, we're only pursuing the claims on behalf of the directors and officers. We want their rights to coverage. Constellation is... There's no benefit to it from pursuing coverage in this context because the only coverage would inherit to the benefit of the directors and officers. Why in the policy is there 5.2 of them? I think that that's a notice provision. What that's talking about is Constellation has the right to basically amend the policy, to interact with them in the policy. It doesn't say that all... Maybe to state that slightly differently. Under their interpretation of the notice provision, the directors and officers wouldn't have had the ability to sue themselves to obtain their own coverage. I think that's clearly wrong. I don't think that that's a reasonable interpretation of what that provision would say. And I think that that provision is really getting at interactions with the claim. Interactions and discussions in relation to notice of the claim. If you also look at the complaint, and this is one of the things we cited in our brief, it's the directors and officers in this case who actually tendered the claim to the insurer. We provided the original notice of circumstances that potentially could give rise to the claim. But the tendering and the interactions all happened by virtue... Interactions through the directors and officers, which is, again, inconsistent with our... So I see I'm over my time. Unless the panel has any other questions, we would just respectfully urge you to affirm. Thank you. We'll hear from both. Thank you. I want to go first to this argument that our direct beneficiary, third-party beneficiary theory somehow doesn't work because the policy doesn't reference the insurers. By definition, all of those cases about a non-party claiming benefits under a contract with an arbitration provision, those non-parties aren't named. There's a contract between two contracting parties and some non-party who's not a party to that says, I'm going to bring a claim and what the court said, the New York Court of Appeals said, if you're directly seeking benefits under that contract, then you're bound by the arbitration provision. The contract doesn't need to say the insurers are bound by this arbitration provision. It can simply say that the contracting parties agree to  and then the insurers as third-party beneficiaries seeking coverage under that  are bound by it. If they had brought suit themselves or if they'd assigned it to someone else, they would be bound by it. Beyond that, as I said, if you look at the structure of this provision... Well, in a sense, I think he's saying that they have brought suit through the liquidating trustee and that's enough, right? Well, our point, if you back up far enough, the fundamental point is if they did it themselves and never assigned it to anyone, they'd be bound by this arbitration provision. Now, it's all the more so because they assigned it to the policyholder and all the more so because if you look at the structure of this policy, it says the policyholder is to act for the benefit   policyholder. It's entitled disputes between insurer and insurers and then has the arbitration provision. And so, whether you look at the direct beneficiary, direct claiming benefits, third-party beneficiary theory... So, why didn't you have the  which, you know, is important when we read the contracts, but the actual language of what is it, 5.16 and 5.20 refers to the policyholder and then actually distinguishes in 5.20 the policyholder from other insurers. It refers to the two contracting parties, which is entirely logical, and it provides benefits to individual insurers who, as nonparties to the contract, if they seek the benefits of the contract are bound by it. And I think this is important because we're talking about the scope of the provision, not the existence. If there is any ambiguity, it should be  in favor of  We don't think it's ambiguous, but if the court were to  there is a little bit of  here, then you resolve it in favor of arbitration. And part of  Judge Conrony wrote for the court in the Chryston case, one of the  of arbitration is to conserve judicial resources and to move things along. We filed our motion to  arbitration over three years ago. No fault of the lower courts, they're all extremely busy, but one benefit of an arbitration provision and one reason the FAA says and this court has said resolve doubts in favor of arbitration is to move things along. This case would have been decided on the merits long ago if they had gone to court. We think it's clear cut and there's no need to send it back down. That's a much bigger issue. That's a much bigger issue from a bankruptcy perspective. It's a clear cut issue here because it is simply a state law breach of contract claim involving a contract entered into before the FAA could  that  Thank